IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MARY ANN DOLL-CARPENTER, | CASE NO. 4:11CV00028 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This *pro se* challenge to a final decision of the Commissioner which denied plaintiff's April 2008 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on March 10, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, June 18, 2008, and that she met the insured status requirements under the Act through December 31, 2013. (R. 17.) The Law Judge determined plaintiff suffered the following severe impairments: diabetes mellitus; arthritis of the knees; asthma; hypertension; carpal tunnel syndrome; bacterial infections; heart murmur; obesity; an affective disorder; an anxiety disorder;

and borderline intellectual functioning. (*Id.*) The Law Judge did not believe she had an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 18.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform light work[1] with postural, manipulative, environmental, and mental restrictions. (R. 19.) Even so, the Law Judge believed that she was able to perform her past relevant work as a parking lot attendant. (R. 26.) The Law Judge noted that plaintiff worked as a parking lot attendant for only six months, and as such, he proceeded on to the next step where he found that plaintiff retained the RFC to perform a significant number of jobs which exist in the national economy. (R. 27.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act. (R. 28.)

Plaintiff appealed the Law Judge's March 10, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

---

[1] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Case 4:11-cv-00028-JLK-BWC   Document 22   Filed 04/03/12   Page 2 of 8   Pageid#: 755

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff has filed a *pro se* brief which the undersigned will construe as a motion for summary judgment and brief in support thereof. (Dkt. No. 14.) While plaintiff makes numerous assertions, it is difficult to discern plaintiff's precise legal arguments. Thus, the undersigned has performed a full review of the record and will assess whether the Law Judge's decision is supported by substantial evidence at each step in the sequential evaluation.

At step one in the sequential evaluation, the Law Judge found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, June 18, 2008. (R. 17.) The Law Judge determined plaintiff suffered the following severe impairments[2]: diabetes mellitus; arthritis of the knees; asthma; hypertension; carpal tunnel syndrome; bacterial infections; heart murmur; obesity; an affective disorder; an anxiety disorder; and borderline intellectual functioning. (*Id.*) The Law Judge's findings at these two steps were favorable to the plaintiff and are not in dispute. Moreover, they are supported by substantial evidence.

At step three in the sequential evaluation, the Law Judge found that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 18.) A claimant bears the burden of proving that his or her impairments, alone or in combination, meet or equal a listed impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting the claimant has the burden of showing that he or she has a medically severe

---

[2]A severe impairment is one which, either separately or in combination with impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

3

impairment or combination of impairments and that the Act requires him to furnish medical evidence regarding his condition). For the reasons more fully set forth below, the undersigned concludes that the Law Judge's finding that plaintiff failed to meet her burden of establishing a listed impairment is supported by substantial evidence.

The Law Judge evaluated whether plaintiff's numerous physical impairments met or medically equaled a listed impairment. (R. 18.) He assessed her diabetes mellitus and found that the condition did not satisfy Listing 9.08 because it had not resulted in neuropathy, acidosis, or retinitis proliferans. (*Id.*) The Law Judge also found that plaintiff's degenerative joint disease did not satisfy Listing 1.02A because the condition had not resulted in an inability to ambulate effectively. (*Id.*) In assessing her asthma, the Law Judge concluded that the condition did not meet or equal the requirements of Listing 3.03 because she did not have severe asthmatic attacks necessitating physician intervention occurring at least six times per year, and he determined that she did not have chronic asthmatic bronchitis as defined in Listing 3.03A. (*Id.*) The Law Judge determined that plaintiff did not satisfy Listings 4.02, 4.04, 4.05, or 4.06 because her hypertension and heart murmur had not resulted in chronic failure, ventricular dysfunction, myocardial ischemia, syncope or near syncope, or central cyanosis. (*Id.*) The Law Judge found that plaintiff did not meet the requirements of Listings 2.02-2.04, 6.02, or 11.04, on the basis that she had not developed any complications involving the eyes, kidneys, or cerebral functioning. (*Id.*) The Law Judge evaluated plaintiff's carpal tunnel syndrome and concluded that, although a severe impairment, the condition did not satisfy Listing 1.08. (*Id.*) Specifically, he found she had not required continuing surgical management of the condition. (*Id.*) Further, the Law Judge

4

considered the impact of plaintiff's obesity in reaching his conclusions. (*Id.*) Based on the undersigned's examination of the record, these findings are supported by substantial evidence.

The Law Judge also assessed whether plaintiff's mental impairments met or medically equaled a listed impairment. (R. 18-19.) He specifically addressed whether she met or medically equaled Listings 12.04 and 12.06, and he found that she did not. (R. 18.) This is supported by a psychiatric evaluation performed by Assad Meymandi, M.D., Ph.D. on October 22, 2008. (R. 254-261.) Dr. Meymandi found plaintiff found that plaintiff was not psychotic, schizophrenic, delusional or hallucinogenic, and he opined that her affect was within normal limits and commensurate to thought content. (R. 258.) The psychiatrist diagnosed plaintiff as suffering only *minor* depressive episodes, probably repeated, and hypoactive sexual disorder. (R. 260.) Plaintiff's records also were assessed by Rudy Warren, M.D. (R. 314- 327.) Dr. Warren found that, although she had "some" problems with depression, she was able to attend to her activities of daily living and seemed limited only by her physical conditions. (R. 326.)

Turning to the next step in the sequential evaluation, the Law Judge found that plaintiff retained the RFC to perform light work with postural, manipulative, environmental, and mental restrictions. (R. 19.) In the main, the evidence that is in the record in this respect is fairly consistent. A Physical Residual Functional Capacities Questionnaire completed on October 5, 2009 by James Hartge, M.D. reveals that, while plaintiff could occasionally lift less than ten pounds, she was limited to rarely lifting between ten and twenty pounds. (R. 578.) On the other hand, a State agency record reviewing physician, N.B. Shah, M.D., noted that notwithstanding her diagnosed diabetes, hypertension, and high cholesterolemia, plaintiff could lift and/or carry (including upward pulling) twenty pounds occasionally and ten pounds frequently. (R. 286-287.)

He believed plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and could sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.*) Plaintiff's ability to push and/or pull (including the operation of hand/foot controls) was unlimited, other than the limitations on her ability to lift and/or carry. (*Id.*) Dr. Shah opined that plaintiff could occasionally climb ramps and stairs, but she could never climb ladders, ropes, and scaffolds. (R. 288.) He further believed plaintiff could frequently stoop, kneel, crouch, and crawl. (*Id.*) The physician concluded that plaintiff had no manipulative, visual, or communicative limitations. (R. 289-290.) Finally, Dr. Shah opined that plaintiff should avoid concentrated exposure to heights, but otherwise, she had no environmental limitations. (R. 290.) These findings were echoed by a second State agency record reviewing physician, Robert N. Pyle, M.D. (R. 302-309.) He concluded that plaintiff could perform light exertional work with limitations, essentially the same limitations as expressed by Dr. Shah. (*Id.*)

The point to be made here is that, even Dr. Hartge's assessment would not have foreclosed plaintiff's performing her past relevant work as a parking lot attendant. To the extent Dr. Hartge's evidence is seen as conflicting with that from the State agency record reviewing physicians, the Law Judge's resolution of the conflicts by finding that plaintiff could perform a limited range of light work is supported by substantial evidence.

At step four, the Law Judge concluded that plaintiff's RFC did not preclude her from performing her past relevant work as a parking lot attendant. (R. 26.) At plaintiff's February 22, 2010 hearing before the Law Judge, a VE was present. The VE testified that plaintiff had past relevant work as a parking lot attendant, and that someone with plaintiff's RFC could perform the duties of this job. (R. 67-68.) Even so, the Law Judge noted that plaintiff worked as parking

6

a lot attendant for only six months, and he elected to proceed on to the next step in the sequential evaluation. (R. 27.)

At the fifth and final step in the sequential evaluation, the Law Judge found that there were other jobs available in the national economy that plaintiff could perform. (*Id.*) Specifically, based on evidence provided by the VE, the Law Judge found that plaintiff could work as school bus monitor, restroom attendant, and ticket taker, all jobs available in the national economy. (R. 27-28, 69-70.) The undersigned is of the view that the testimony of the VE accounted for all relevant evidence, and that the Law Judge's decision to accept the testimony of the VE is supported by substantial evidence.

Having found that the Law Judge's findings at each step of the sequential evaluation are supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk

is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: _____
U.S. Magistrate Judge

April 3, 2012
Date